## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| GOEBEL & COMPANY FURNITURE, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:22CV36 JCH |
| THE CINCINNATI INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cheryl Ellegood's Motion to Dismiss for Fraudulent Joinder, filed January 10, 2022, and Plaintiffs' Motion for Remand, filed February 2, 2022. (ECF Nos. 4, 11). The motions are fully briefed and ready for disposition.

## BACKGROUND

On or about December 9, 2021, Plaintiffs Goebel & Company Furniture, LLC and Withers Holdings, LLC filed a Petition for Damages against Defendants The Cincinnati Insurance Company ("Cincinnati Insurance") and Cheryl Ellegood ("Ellegood") in the Circuit Court of the City of St. Louis, Missouri. (Petition for Damages (hereinafter "Complaint" or "Compl."), ECF No. 6). As relevant here, in their Complaint Plaintiffs allege that between May 2020, and March 2021, at least three catastrophic storms struck the St. Louis metropolitan area. (*Id.*, ¶ 29). The storms carried significant amounts of hail, which damaged large portions of the roof of 401 Withers Avenue, St. Louis, Missouri, 63147 ("401 Withers"), a property owned by Plaintiffs.[1] (*Id.*, ¶¶ 11, 30-31). In the weeks following the storms significant amounts of

---

1 Plaintiffs were owners of the premises, structures, and real property located at 401 Withers. (Compl., ¶ 11).

rainwater began to leak through the roof, and Plaintiffs claim that although they took all feasible measures to protect the building and machinery therein, machinery and equipment utilized by Plaintiffs in their manufacturing process suffered catastrophic water damage.  (*Id.*, ¶¶ 32, 33).

During the relevant time period, Cincinnati Insurance had contracted to insure and cover the premises, structures, and real property at 401 Withers against certain losses.  (Compl., ¶ 15). Plaintiffs allege they promptly notified Cincinnati Insurance of the loss.  (*Id.*, ¶ 34).  On April 28, 2021, Plaintiffs entered into a contingency contract with Rehab Construction ("Rehab"), pursuant to which Rehab agreed to conduct the repairs to 401 Withers upon payment for the loss by Cincinnati Insurance.  (*Id.*, ¶ 35).

Defendant Ellegood, a claims adjuster for Cincinnati Insurance, came to inspect the damaged areas of 401 Withers, and representatives of both Plaintiffs and Rehab were present for the inspection.  (Compl., ¶¶ 36, 37).  According to Plaintiffs, Ellegood conducted only a cursory inspection, and without taking photographs or measurements of the affected areas informed Plaintiffs that Cincinnati Insurance would pay only up to $100,000 for the storm damage.  (*Id.*, ¶¶ 38, 39).  She allegedly advised Plaintiffs and the representative from Rehab that any estimate or claim submitted in excess of $100,000 would be transferred to Cincinnati Insurance's legal department, and was likely to be denied.  (*Id.*, ¶¶ 41, 42).

Plaintiffs maintain that after Ellegood's inspection and comments, Rehab submitted a repair estimate for a sum that was insufficient to conduct the necessary repairs to 401 Withers. (Compl., ¶ 43).  Plaintiffs therefore terminated the contingency agreement with Rehab, and subsequently signed a similar agreement with a replacement contractor, Storm Shield.  (*Id.*, ¶¶ 44-46).  Storm Shield eventually submitted an estimate to Cincinnati Insurance in an amount approximately $350,000 more than the estimate submitted by Rehab.  (*Id.*, ¶ 46).  For its part,

Rehab has filed a claim against Plaintiffs for breach of contract, seeking damages in the amount of $57,632.22.  (*Id.*, ¶ 47).

Based on the foregoing allegations, Plaintiffs filed a Complaint asserting claims for breach of contract and vexatious refusal to pay against Cincinnati Insurance.  (Compl., ¶¶ 69-84).[2]  Plaintiffs further assert claims for tortious interference with contract and tortious interference with business expectancy against Defendant Ellegood.  (*Id.*, ¶¶ 85-100).

On January 10, 2022, Cincinnati Insurance and Ellegood removed the case to this Court on the basis of diversity jurisdiction.  (ECF No. 1).  As grounds for the removal, Defendants note that at all relevant times Plaintiffs were both businesses incorporated and licensed to do business in the State of Missouri.  (*Id.*, ¶¶ 3, 4).  They assert that Cincinnati Insurance was an insurance company incorporated in the State of Ohio, and licensed to do business in the State of Missouri.  (*Id.*, ¶ 5).  With respect to Ellegood, Defendants maintain that although she was a Missouri citizen and resident, her citizenship should be ignored because her joinder as a non-diverse party was for the sole purpose of defeating federal diversity jurisdiction, and thus her fraudulent joinder should not prevent removal.  (*Id.*, ¶¶ 6, 9-10).

On January 10, 2022, Ellegood filed the instant Motion to Dismiss for Fraudulent Joinder.  (ECF No. 4).  Plaintiffs responded to the motion, and further filed a Motion for Remand on February 2, 2022.  (ECF Nos. 10, 11).

## DISCUSSION

Generally, a defendant may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over civil actions where the matter is between citizens of

---

2 Plaintiffs further assert claims for breach of contract and vexatious refusal to pay against Cincinnati Insurance in connection with damage allegedly caused by a sinkhole that formed in the rear parking area of 401 Withers.  (Compl., ¶¶ 52-68).

different states, and the amount in controversy is greater than $75,000.[3]  28 U.S.C. § 1332(a)(1).

Such cases thus may be removed, provided none "of the parties in interest properly joined and

served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. §

1441(b)(2).  "Removal statutes are strictly construed, and any doubts about the propriety of

removal are resolved in favor of remand."  *Byrd v. TVI, Inc*., No. 4:15CV1439 CDP, 2015 WL

5568454, at *1 (E.D. Mo. Sept. 21, 2015) (citation omitted); *see also In re Business Men's

Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

      In the instant case, as noted above both Plaintiffs and Defendant Ellegood purportedly are

citizens of the State of Missouri.  Complete diversity of citizenship therefore does not exist, and

removal is precluded unless Defendant Ellegood was fraudulently joined.  *See Knudson v.

Systems Painters, Inc*., 634 F.3d 968, 976 (8th Cir. 2011) (internal quotation marks and citations

omitted) ("[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a

defendant who has no real connection with the controversy.")  "The purpose of this [fraudulent

joinder] exception is to strike a balance between the plaintiff's right to select a particular forum

and the defendant's right to remove the case to federal court."  *Id.* (citation omitted).

      Joinder of a defendant is fraudulent where there exists no reasonable basis in law or fact

to support the claims asserted against her.  *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224,

1227 (8th Cir. 2015).  "This reasonableness standard requires the defendant to do more than

merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion."

*Waller v. Blast Fitness Group, LLC*, No. 4:15CV586 AGF, 2015 WL 7737298, at *3 (E.D. Mo.

Dec. 1, 2015) (internal quotation marks and citations omitted).  The question turns on whether

the plaintiffs might have a "colorable" claim against the non-diverse or resident defendant.  *Junk

v. Terminix Intern. Co*., 628 F.3d 439, 446 (8th Cir. 2010), *cert. denied*, 565 U.S. 816 (2011).  If

---

3 Plaintiffs do not dispute that the amount in controversy here is greater than $75,000.

not, the joinder is fraudulent and dismissal of the defendant is proper. *See Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014); *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotation marks and citation omitted) ("[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."). At all times Defendants Cincinnati Insurance and Ellegood, as the removing parties alleging fraudulent joinder, bear the burden of proving the alleged fraud. *Waller*, 2015 WL 7737298, at *3.

As noted above, in their Complaint Plaintiffs assert claims for tortious interference with contract and tortious interference with business expectancy against Defendant Ellegood. Under Missouri law, "a claim for tortious interference with a contract or business expectancy requires proof of each of the following: '(1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages.'" *Rail Switching Services, Inc. v. Marquis-Missouri Terminal, LLC*, 533 S.W.3d 245, 257 (Mo. App. 2017), quoting *Bishop & Assocs., LLC v. Ameren Corp.*, 520 S.W.3d 463, 472 (Mo. banc 2017).

Plaintiffs' allegations with respect to Defendant Ellegood are as follows: (1) at the time of Ellegood's inspection of 401 Withers, Plaintiffs had a valid contingency contract with Rehab to conduct the estimate and subsequent repairs to the damaged property, and/or a valid business expectancy that Rehab would undertake to do so; (2) Ellegood knew or should have known of the existence of Plaintiffs' contract or business expectancy; (3) Ellegood's statements about the value of the claim and the amount Cincinnati Insurance was willing to pay were made with the intent to cause Rehab to submit an artificially low estimate; (4) Ellegood lacked legal justification for said statements; and (5) as a result of Ellegood's statements Plaintiffs' contract

- 5 -

was breached and/or its business expectancy was thwarted, and Plaintiffs thereby suffered damages.  (Compl., ¶¶ 86-93, 95-100).

In her Motion to Dismiss, Ellegood asserts Plaintiffs' claims against her must be dismissed because they fail to demonstrate she lacked justification for her actions.  Missouri law is clear that not every interference with contractual relations gives rise to a claim for damages.  *Pillow v. General American Life Ins. Co.*, 564 S.W.2d 276, 283 (Mo. App. 1978).  Rather, "[i]t is only where the interference is wrongful that a cause of action exists." *Id.*    Furthermore, "'if the defendant has a legitimate interest, economic or otherwise, in the expectancy the plaintiff seeks to protect, then the plaintiff must show that the defendant employed improper means in seeking to further only his or her own interests.'"  *Phyllis Schlafly Revocable Trust v. Cori*, 512 F.Supp.3d 916, 929 (E.D. Mo. 2021), quoting *W. Blue Print Co. v. Roberts*, 367 S.W.3d 7, 20 (Mo. banc 2012).  "Improper means are those that are independently wrongful, such as threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law."  *Id.* (internal quotation marks and citation omitted).

Upon consideration, the Court agrees that Plaintiffs fail to satisfy element four of their claims against Ellegood.  In the Complaint itself, they admit that "Defendant Ellegood was employed by Defendant Cincinnati as an agent and/or claims adjuster for Defendant Cincinnati, and her acts and/or omissions giving rise to this claim were within the course and scope of her employment."  (Compl., ¶ 5).  Despite Plaintiffs' characterization of Ellegood's comments as improper, coercive and threatening, the Court finds she was performing her role as a claims adjuster at the time she made them.  *See Council Tower Ass'n v. Axis Specialty Ins. Co.*, 630 F.3d 725, 731 (8th Cir. 2011) (agreeing with the district court that the plaintiff could not show a lack of justification for the claims adjuster's statements because his job was to investigate and report

on the cause of loss).   Under these circumstances, the Court will dismiss Plaintiffs' claims

against Defendant Ellegood, and deny their Motion for Remand.[4]

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cheryl Ellegood's Motion to Dismiss for

Fraudulent Joinder (ECF No. 4) is **GRANTED**, and she is **DISMISSED** as a Defendant in this

matter.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Remand (ECF No. 11) is

**DENIED**.


Dated this 11th Day of April, 2022.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

4 In light of the foregoing, the Court need not consider Ellegood's contention that Plaintiffs'
claim for tortious interference with contract must be dismissed because it is based on a form of
tort that is not recognized under Missouri law.