| | | |
|---|---|---|
| GOEBEL & COMPANY FURNITURE, LLC | ) | |
| | ) | |
| and | ) | |
| | ) | |
| WITHERS HOLDINGS, LLC | ) | |
| | ) | Cause No:  4:22-cv-00036 |
| Plaintiffs, | ) | |
| | ) | JURY TRIAL DEMANDED |
| vs. | ) | |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant, The Cincinnati Insurance Company, by and through its undersigned counsel, and for its Answer to Plaintiffs' First Amended Petition for Damages, states as follows:

1.      Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

2.      Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

3.      Admit.

## JURISDICTION AND VENUE

4.      Defendant restates and incorporates its responses to the allegations made in all aforementioned paragraphs as though fully set forth herein.

5.      This paragraph states a legal conclusion and, therefore, requires no response.  To the extent that a response is required, it is denied.

6.     This paragraph states a legal conclusion and, therefore, requires no response.  To the extent that a response is required, it is denied.

## FACTUAL BACKGROUND

7.     Defendant restates and incorporates its responses to the allegations made in all aforementioned paragraphs as though fully set forth herein.

8.     Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

9.     Defendant is without sufficient information to admit or deny the allegations in this paragraph and therefore denies them.

10.     Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

11.     This paragraph states a legal conclusion and, therefore, requires no response.  To the extent that a response is required, it is denied.

12.     Admit.

13.     This paragraph states a legal conclusion and, therefore, requires no response. Moreover, it purports to summarize the terms of a contract.  The document speaks for itself, and no response is required of Defendant.  To the extent that the Court deems a response necessary, it is denied.

14.     Defendant denies that the hole referenced in this paragraph and elsewhere in Plaintiffs' First Amended Petition is a "sinkhole" under the terms of the policy, and Defendant is further without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

15.     Deny.

#30033728 v1

16.     Defendant denies that the hole referenced in this paragraph and elsewhere in Plaintiffs' First Amended Petition is a "sinkhole" under the terms of the policy, and Defendant is further without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

17.     Defendant admits that it was permitted to inspect the hole but denies that the hole referenced in this paragraph and elsewhere in Plaintiffs' First Amended Petition is a "sinkhole" under the terms of the policy.  The remainder of this paragraph states a legal conclusion and, therefore, requires no response.  Moreover, it purports to summarize the terms of a contract.  The document speaks for itself, and no response is required of Defendant.  To the extent that the Court deems a response necessary, it is denied.

18.     Deny.

19.     Deny.

20.     Defendant admits that it sent correspondence to Plaintiffs denying their claim but is without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

21.     Deny.

22.     Defendant admits that Plaintiff Goebel & Company Furniture, LLC provided it with certain information from a United States Geological Survey but denies the remaining allegations in this paragraph.

23.     Defendant admits that Plaintiff Goebel & Company Furniture, LLC provided it with the certain information from an environmental study but denies the remaining allegations in this paragraph.

#30033728 v1

24.     Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

25.     Defendant admits that Plaintiff Goebel & Company Furniture, LLC's claim was denied by Defendant but denies the remaining allegations in this paragraph.

26.     Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

27.     Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

28.     Deny.

29.     Deny.

30.     Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

31.     Deny.

32.     Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

33.     Defendant admits that Cheryl Ellegood was permitted to inspect 401 Withers.  The remainder of this paragraph states a legal conclusion and, therefore, requires no response.  Moreover, it purports to summarize the terms of a contract.  The document speaks for itself, and no response is required of Defendant.  To the extent that the Court deems a response necessary, it is denied.

34.     Admit.

35.     Deny.

36.     Deny.

#30033728 v1

37. Deny.

38. Deny.

39. Deny.

40. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

41. Deny.

42. Deny.

43. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

44. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

45. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

46. Deny.

47. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

48. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them.

## COUNT I: BREACH OF CONTRACT
### (October 25th, 2019 claim)

49. Defendant restates and incorporates its responses to the allegations made in all aforementioned paragraphs as though fully set forth herein.

#30033728 v1

50.     Defendant admits that it issued Policy Number EPP 032 89 80 to Plaintiff Goebel & Company Furniture, LLC on May 23, 2019 and that said policy had an end-date of May 23, 2022 but denies the remaining allegations in this paragraph.

51.     Deny.

52.     This paragraph states a legal conclusion and, therefore, requires no response. Moreover, it purports to summarize the terms of a contract. The document speaks for itself, and no response is required of Defendant. To the extent that the Court deems a response necessary, it is denied.

53.     This paragraph states a legal conclusion and, therefore, requires no response. Moreover, it purports to summarize the terms of a contract. The document speaks for itself, and no response is required of Defendant. To the extent that the Court deems a response necessary, it is denied.

54.     This paragraph states a legal conclusion and, therefore, requires no response. Moreover, it purports to summarize the terms of a contract. The document speaks for itself, and no response is required of Defendant. To the extent that the Court deems a response necessary, it is denied.

55.     This paragraph states a legal conclusion and, therefore, requires no response. Moreover, it purports to summarize the terms of a contract. The document speaks for itself, and no response is required of Defendant. To the extent that the Court deems a response necessary, it is denied.

56.     Defendant denies that the hole referenced in this paragraph and elsewhere in Plaintiffs' First Amended Petition is a sinkhole under the terms of the policy, and Defendant is

#30033728 v1

without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

57.     Defendant denies that the hole referenced in this paragraph and elsewhere in Plaintiffs' First Amended Petition is a sinkhole under the terms of the policy, and Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

58.     Defendant denies that the hole referenced in this paragraph and elsewhere in Plaintiffs' First Amended Petition is a sinkhole under the terms of the policy, and Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

## COUNT II: VEXATIOUS REFUSAL TO PAY
### (October 25th, 2019 claim)

59.     Defendant restates and incorporates its responses to the allegations made in all aforementioned paragraphs as though fully set forth herein.

60.     Deny.

61.     Deny.

62.     Defendant denies that the hole referenced in this paragraph and elsewhere in Plaintiffs' First Amended Petition is a sinkhole under the terms of the policy, and Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

63.     Defendant denies that the hole referenced in this paragraph and elsewhere in Plaintiffs' First Amended Petition is a sinkhole under the terms of the policy, and Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

#30033728 v1

64.     Defendant denies that the hole referenced in this paragraph and elsewhere in Plaintiffs' First Amended Petition is a sinkhole under the terms of the policy, and Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

65.     This paragraph states a legal conclusion and, therefore, requires no response.  To the extent that the Court deems a response necessary, it is denied.

## COUNT III: BREACH OF CONTRACT
### (March 11th, 2021 claim)

66.     Defendant restates and incorporates its responses to the allegations made in all aforementioned paragraphs as though fully set forth herein.

67.     This paragraph states a legal conclusion and, therefore, requires no response. Moreover, it purports to summarize the terms of a contract.  The document speaks for itself, and no response is required of Defendant.  To the extent that the Court deems a response necessary, it is denied.

68.     This paragraph states a legal conclusion and, therefore, requires no response. Moreover, it purports to summarize the terms of a contract.  The document speaks for itself, and no response is required of Defendant.  To the extent that the Court deems a response necessary, it is denied.

69.     This paragraph states a legal conclusion and, therefore, requires no response. Moreover, it purports to summarize the terms of a contract.  The document speaks for itself, and no response is required of Defendant.  To the extent that the Court deems a response necessary, it is denied.

70.     Deny.

#30033728 v1

71. This paragraph states a legal conclusion and, therefore, requires no response. To the extent that the Court deems a response necessary, it is denied.

72. Deny.

73. Deny.

74. Deny.

## COUNT IV: VEXATIOUS REFUSAL TO PAY
### (Defendant Cincinnati – March 11th, 2021 claim)

75. Defendant restates and incorporates its responses to the allegations made in all aforementioned paragraphs as though fully set forth herein.

76. This paragraph states a legal conclusion and, therefore, requires no response. Moreover, it purports to summarize the terms of a contract. The document speaks for itself, and no response is required of Defendant. To the extent that the Court deems a response necessary, it is denied.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. This paragraph states a legal conclusion and, therefore, requires no response. To the extent that the Court deems a response necessary, it is denied.

## AFFIRMATIVE DEFENSES

1. For further answer and affirmative defense, Defendant states that Plaintiff's Petition fails to set forth a claim or cause of action upon which relief may be granted.

2.      For further answer and affirmative defense, Defendant states that it did not breach its contract with Plaintiff, and, therefore, Defendant cannot be found to have vexatiously refused to pay or refused to pay without reasonable cause or excuse.

3.      For further answer and affirmative defense to Counts I and II of Plaintiff's Petition, Defendant states that its contract with Plaintiff for insurance does not provide coverage for Plaintiffs' alleged damages or otherwise limits or excludes coverage of those damages under the following provisions:

***

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
**(INCLUDING SPECIAL CAUSES OF LOSS)**

**SECTION A. COVERAGE**

We will pay for direct "loss" to Covered Property at the "premises" caused by or resulting from any Covered Cause of Loss.

**1. <u>Covered Property</u>**

Covered Property, as used in this Coverage Part, means the following types of property for which a Limit of Insurance is shown in the Declarations:

***

**d. <u>Business Personal Property</u>**

Your Business Personal Property consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle or portable storage unit) within 1,000 feet of the building or 1,000 feet of the "premises", whichever distance is greater. Your Business Personal Property consists of the following unless otherwise specified in the Declarations or on the **BUSINESS PERSONAL PROPERTY – SEPARATION OF COVERAGE ENDORSEMENT.**

(1)     Furniture;

10

(2)    Machinery and equipment;

(3)    "Stock";

(4)    All other personal property owned by you and used in your business;

(5)    The cost of labor, materials or services furnished or arranged by you on personal property of others;

(6)    Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:

   (a)    Made a part of the building or structure you occupy but do not own; and

   (b)    You acquired or made at your expense but cannot legally remove;

(7)    Leased personal property used in your business for which you have a contractual responsibility to insure. Such leased property is not considered personal property of others in your care, custody or control;

(8)    Personal Property of Others that is in your care, custody or control or for which you are legally liable.

   (a)    This does not include personal effects owned by you, your officers, your partners, or if you are a limited liability company, your members or your managers, or your employees (including leased and temporary workers), except as provided in 5. Coverage Extensions, l. Personal Effects;

   (b)    This does not include property of others for which you are legally liable as:

      1)    A carrier for hire; or

      2)    An arranger of transportation, including car loaders, consolidators, brokers, freight forwarders, or shipping associations; and

(9)    Sales samples.

## 2. **Property Not Covered**

Covered Property does not include:

***

## f. **Excavations, Grading & Backfilling**

The cost of excavations, grading, backfilling or filling;

11

\*\*\*

**h. Land, Water or Growing Crops**

Land (including land on which the property is located), water, growing crops or lawns (other than lawns which are part of a vegetative roof);

**i. Paved Surfaces**

Bridges, roadways, walks, patios or other paved surfaces;

\*\*\*

**3. Covered Causes of Loss**

**a. Covered Causes of Loss**

Covered Causes of Loss means direct "loss" unless the "loss" is excluded or limited in this Coverage Part.

**b. Exclusions**

(1)     We will not pay for "loss" caused directly or indirectly by any of the following, unless otherwise provided. Such "loss" is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the "loss".

\*\*\*

(b) Earth Movement

1)     Earthquake, including tremors and aftershocks and any earth sinking, rising or shifting related to such event;

2)     Landslide, including any earth sinking, rising or shifting related to such event;

\*\*\*

4)     Earth sinking (other than "sinkhole collapse"), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing,

#30033728 v1

erosion, improperly compacted soil and the action of water under the ground surface.

***

This Earth Movement exclusion applies regardless of whether any of the above, in paragraphs 1) through 5), is caused by an act of nature or is otherwise caused.

***

(g) Water

***

4)    Water under the ground surface pressing on, or flowing or seeping through:

      a)    Foundations, walls, floors or paved surfaces;
      b)    Basements, whether paved or not; or
      c)    Doors, windows or other openings.

## SECTION G. DEFINITIONS

***

16. "Sinkhole collapse" means the sudden settlement or collapse of earth supporting the Covered Property into subterranean voids created by the action of water on a limestone or similar rock formation. This does not include:

    a. The cost of filling sinkholes;
    b. Sinking or collapse of land into man-made subterranean cavities; or
    c. The value of the land."

***

## CINCIPLUS
## COMMERCIAL PROPERTY POWER XC+
## (EXPANDED COVERAGE PLUS) ENDORSEMENT

This endorsement modifies insurance provided under the following:

## COMMERCIAL PROPERTY COVERAGE PART

The insurance coverage and Limits of Insurance provided by this endorsement are excess of, and apply in addition to, any similar or identical coverage provided by

any other endorsement attached to this Coverage Part, or by any other Coverage Part forming a part of the policy of insurance of which this Coverage Part forms a component.

\*\*\*

**S. Paved Surfaces**

For the purposes of this endorsement only:

**1. BUILDING AND PERSONAL PROPERTY COVERAGE FORM, SECTION A. COVERAGE, 2. Property Not Covered, i. Paved Surfaces** is deleted in its entirety and replaced by the following:

Except as provided in 4. Additional Coverages, Paved Surfaces, bridges, roadways, walks, patios or other paved surfaces.

**2. BUILDING AND PERSONAL PROPERTY COVERAGE FORM, SECTION A. COVERAGE, 4. Additional Coverages** is amended to include the following:

**Paved Surfaces**
We will pay for direct "loss" resulting from any of the Covered Causes of Loss to bridges, roadways, walks, patios or other paved surfaces.

The most we will pay for loss in any one occurrence under this Paved Surfaces Coverage Extension is $25,000.

\*\*\*

## BUILDERS' RISK INLAND MARINE COVERAGE FORM

In return for "your" payment of the required premium, "we" provide the coverage described herein subject to all the "terms" of the Builders' Risk Coverage. This coverage is also subject to the "declarations" and additional policy conditions relating to assignment or transfer of rights or duties, cancellation, changes or modifications, inspections, examination of books and records and premiums.

Endorsements and schedules may also apply. They are identified on the "declarations".

Refer to Definitions for words and phrases that have special meaning. These words and phrases are shown in quotation marks.

## A. COVERAGE

## 1. Covered Property

14

**a.** **Buildings and Structures** - "We" cover direct physical loss caused by a Covered Cause of Loss to buildings and structures described on the "declarations" while in the course of construction, erection, or fabrication. This includes materials and supplies which will become a permanent part of the buildings or structures, all while located on the premises of the buildings or structures described on the "declarations", or within 1,000 feet of such premises. This also includes foundations, excavations, grading and filling.

\*\*\*

## 2. Property Not Covered

\*\*\*

e.    Land - "We" do not cover land including land on which Covered Property is located.

\*\*\*

## B. EXCLUSIONS

1. "We" do not pay for loss if one or more of the following exclusions apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.

\*\*\*

b.    Earth Movement - "We" do not pay for loss caused by;

   (1)    Earthquake, including tremors and aftershocks and any earth sinking, rising or shifting related to such event;
   (2)    Landslide, including any earth sinking, rising or shifting related to such an event;
   (3)    Mine subsidence, meaning subsidence of a man-made mine, whether or not mining activity has ceased;
   (4)    Earth sinking (other than "sinkhole collapse"), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.

   But if Earth Movement, as described in Paragraph b. (1) through (4) above, results in fire or explosion, we will pay for the loss caused by that fire or explosion.

c.    Water - "We" do not pay for loss caused by;

15

(1) Flood, meaning the partial or complete inundation of normally dry land areas due to:

  (a) The unusual or rapid accumulation or runoff of rain or surface waters from any source, or
  (b) Waves, tidal waters, tidal waves (including tsunami), or
  (c) Water from rivers, ponds, lakes, streams, or any other body of water that rises above, overflows from, or is not contained within its natural or manmade boundary; and

All whether driven by wind or not, including storm surge.

(2) Mudslides or mudflows, which are caused by flooding as defined above in Paragraph c.(1). Mudslide or mudflow involves a river of liquid and flowing mud on the surface of normally dry land areas as when earth is carried by a current of water and deposited along the path of the current.

(3) Water that has entered and then backs up through and is discharged from a sewer drain, septic system, sump pump system or related equipment; or

(4) Water under the ground surface pressing on, or flowing or seeping through;

  (a) Foundations, walls, floors or paved surfaces;
  (b) Basements, whether paved or not; or
  (c) Doors, windows or other openings

(5) Waterborne material carried or otherwise moved by any of the water referred to in Paragraph (1), (3) or (4) above, or material carried or otherwise moved by mudslide or mudflow as described in Paragraph (2) above.

This exclusion applies regardless of whether any of the above, in Paragraphs (1) through (5), is caused by an act of nature or is otherwise caused. An example of a situation to which this exclusion applies is the situations where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

However, if any of the above, as described in Paragraphs (1) through (5) above, results in fire, explosion or sprinkler leakage, we will pay for that portion of "loss" caused by that fire, explosion or sprinkler leakage.

4. For further answer and affirmative defense to Counts III and IV, Defendant states that its contract with Plaintiff for insurance does not provide coverage for Plaintiffs' alleged

damages or otherwise limits or excludes coverage of those damages under the following provisions:

***

**SECTION A. COVERAGE**

We will pay for direct "loss" to Covered Property at the "premises" caused by or resulting from any Covered Cause of Loss.

***

**3. <u>Covered Causes of Loss</u>**

**a. <u>Covered Causes of Loss</u>**

Covered Causes of Loss means direct "loss" unless the "loss" is excluded or limited in this Coverage Part.

**b. <u>Exclusions</u>**

**(3)** We will not pay for "loss" caused by or resulting from any of the following in Paragraphs **(3)(a)** through **(3)(c).** However, if an excluded cause of loss that is listed in Paragraphs **(3)(a)** through **(3)(c)** results in a Covered Cause of Loss, we will pay for that portion of "loss" caused by that Covered Cause of Loss:

***

**(c) Defects, Errors, and Omissions**

   **1)** An act, error, or omission (negligent or not) relating to:

   **a)** Land use;
   **b)** Design, specifications, construction, workmanship;
   **c)** Planning, zoning, development, surveying, siting, grading, compaction; or
   **d)** Maintenance, installation, renovation, repair, or remodeling of part or all of any property on or off the "premises";

   **2)** A defect, weakness, inadequacy, fault, or unsoundness in materials used in construction or repair of part or all of any property on or off the "premises"; or

***

**c.** **Limitations**

The following limitations apply to all policy forms and endorsements shown on the **COMMERCIAL PROPERTY COVER- AGE PART DECLARATIONS**, unless otherwise stated:

**(1) Limitations - Various Types of Property**

We will not pay for "loss" to property as described and limited in this section. In addition, we will not pay for any "loss" that is a consequence of "loss" as described and limited in this section.

\*\*\*

**(c) Building Interiors**

The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

**1)** The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or

**2)** The "loss" is caused by or results from thawing of snow, sleet or ice on the building or structure.

\*\*\*

## SECTION G. DEFINITIONS

\*\*\*

**8.** "Loss" means accidental physical loss or accidental physical damage.

\*\*\*

5. For further answer and affirmative defense, Defendant states that its contract with Plaintiff for insurance provides the following:

\*\*\*

## SECTION C. DEDUCTIBLE

Except as otherwise provided; in any one occurrence of direct "loss" we will first reduce the amount of "loss" if required by **SECTION E. ADDITIONAL CONDITIONS, 1. Coinsurance or SECTION F. OPTIONAL COVERAGES, 1. Agreed Value.** If the adjusted amount of direct "loss" is less than or equal to the Deductible, we will not pay for that direct "loss". If the adjusted amount of direct "loss" exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of direct "loss", and will pay the resulting amount or the Limit of Insurance, whichever is less.

18

When the occurrence involves direct "loss" to more than one item of Covered Property and separate Limits of Insurance apply, the losses will not be combined in determining application of the Deductible. But the Deductible will be applied only once per occurrence.

***

Defendant further states in support of its affirmative defense that, to the extent that coverage is found to exist, any amount awarded should be reduced based upon the terms of **Section C. Deductible**.

6.	For further answer and affirmative defense to Counts III and IV of Plaintiffs' First Amended Petition, to the extent that coverage is found to exist, any amount awarded should be reduced by $31,979.36, an amount previously paid by Defendant to Plaintiffs.

7.	For further answer and affirmative defense, Defendant reserves the right to rely upon such other additional defenses as may become available or appear subsequently in this case, including during the course of discovery proceedings, and hereby reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendant The Cincinnati Insurance Company, having fully answered Plaintiff's Petition, requests a trial by jury and a finding in its favor and against Plaintiff, an award of its costs incurred herein, and such other and further additional relief the Court deems just and appropriate under the circumstances.

<b>WATTERS, WOLF, BUB & HANSMANN</b>

> */s/ Brandon B. Copeland*
> David P. Bub #MO44554
> Brandon B. Copeland, #MO58226
> 600 Kellwood Parkway, Suite 120
> St. Louis, Missouri 63017
> (636) 798-0570
> (636) 798-0693 – FAX
> dbub@wwbhlaw.com
> bcopeland@wwbhlaw.com
> *Attorneys for Defendant*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Nicholas D. Brown
Thomas J. Sanfilippo
THE LAW FIRM OF THOMAS SANFILIPPO & ASSOCIATES, LLC
211 N. Broadway, Suite 2100
St. Louis, Missouri 63102
nbrown@tsalawaoffice.com
*Attorneys for Plaintiffs*

*/s/ Brandon B. Copeland*

#30033728 v1