UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GOEBEL & COMPANY FURNITURE, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:22 CV 36 CDP |
| CINCINNATI INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM AND ORDER

Plaintiffs Goebel & Company Furniture, LLC and Withers Holdings, LLC brought this case against their insurer, Defendant Cincinnati Insurance Company, alleging breach of contract following storm damage to their manufacturing building. Plaintiffs use the building to make high-end wood furniture. Defendant paid for damage to one part of the roof (upper roof) but not the other part (lower roof). Plaintiffs did not use the money to repair the upper roof because the amount provided was substantially lower than the estimates Plaintiffs had received for fixing the entire roof. Later storms caused further damage to the roof.

After a five-day trial, a jury found for Plaintiffs under the insurance policy but did not award any additional money for damage to the building. The jury awarded a total of $110,800 for damage to personal property and for "extra

expense[s]" under the relevant provisions of the policy.  The jury found for Defendant on Plaintiffs' claim of vexatious refusal to pay.

Plaintiffs now seek a new trial under Federal Rule of Civil Procedure 59, arguing that the jury's verdict was against the weight of the evidence and that I improperly allowed testimony of a witness who had not been listed in the pretrial submissions and erred in overruling objections to Defendant's closing argument about the testimony of that witness.  After careful consideration, I will deny Plaintiffs' motion.

## Discussion

Rule 59(a)(1)(A) provides: "[t]he court may, on motion, grant a new trial on all or some of the issues after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A) (cleaned up).  Where reasonable minds can differ in evaluating credible evidence, a new trial based on the weight of the evidence should not be granted. *Jacobs Mfg. Co. v. Sam Brown Co.,* 19 F.3d 1259, 1267 (8th Cir. 1994). "A new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice." *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996).

Plaintiffs first argue that the jury's decisions to award no additional money for the roof damage and to find no vexatious refusal were against the weight of the

2

evidence.  This argument lacks merit.  Regarding the roof damage, Defendant presented evidence from several witnesses regarding the cost to replace the roof, and the jury was entitled to credit those witnesses.  As for vexatious refusal, Plaintiffs simply recite the same evidence presented on the claim under the policy and then argue that it would be inconsistent for the jury to fail to award vexatious damages once they found any damages under the policy.  But that is not the law. *See* Mo. Rev. Stat. § 375.420 (requiring  evidence that insurer has refused to pay without reasonable cause or excuse).  The jury heard substantial evidence from both sides about both the storm damage and the actions of both parties after the storms.  There was ample evidence from which the jury could reasonably have found for either party on all the issues; ample evidence supports the jury's verdict.

Plaintiffs next argue that the testimony of Gregory Glandt was improperly admitted.  In a motion in limine before trial, Plaintiffs sought to exclude Mr. Glandt's roofing repair estimate, which had been marked as a Defendant's trial exhibit, because it lacked foundation and no witness was listed who could authenticate it.  I agreed and granted that motion.  ECF No. 158, Pretrial Tr. at 69-71.  At trial Plaintiffs' owner, Martin Goebel, testified that Plaintiffs had not received any estimates other than the ones he had introduced and that the contractors he spoke to found it "laughable" to repair the upper roof for the amount suggested by Defendant.  ECF No. 165, Trial Tr. Vol. II at 62-63.

3

Arguing that Mr. Goebel had opened the door to Mr. Glandt's testimony regarding his estimate, Defendant then produced Mr. Glandt for an offer of proof. Mr. Glandt's testimony fully authenticated the estimate he had prepared, and that estimate was close to the repair amount suggested by Defendant. Mr. Glandt testified that Mr. Goebel asked him to provide an estimate and that he did so. Plaintiffs were given full opportunity to cross-examine Mr. Glandt during the hearing on Defendant's offer of proof. ECF No. 160, Trial. Tr. Vol. V at 3-9. Following the offer of proof, when asked to argue about admission of this evidence, Plaintiffs continued to argue that the estimate lacked foundation and also argued that it was irrelevant and did not impeach Mr. Goebel's testimony. Plaintiffs did not then object that Mr. Glandt should be excluded because he was not on Defendant's witness list. The Court then allowed the testimony of Mr. Glandt to be presented to the jury, along with the exhibit. Mr. Glandt testified to the jury that Mr. Goebel asked him to prepare an estimate shortly after the storm and that he did so and gave it to Mr. Goebel. ECF No. 160, Trial. Tr. Vol. V at 12-18.

The existence of the estimate by Mr. Glandt was not a surprise. Mr. Glandt's existence was listed on Defendant's initial disclosures provided to Plaintiffs in June of 2022, and Defendants disclosed at that time that Mr. Glandt had provided an estimate. ECF No. 167-1 at 4. The estimate was part of

4

Defendant's pretrial submissions, and Plaintiff's counsel had a copy of it during discovery. Additionally, Plaintiffs' counsel recalled Mr. Goebel to testify in rebuttal but only asked him about a different witness's testimony; counsel could have asked Mr. Goebel specifically about Mr. Glandt's estimate but chose not to. On this record, Mr. Glandt's testimony was relevant and admissible. The foundation for the estimate, previously found to be lacking, was provided by Mr. Glandt, and Plaintiffs' counsel agreed that Mr. Goebel had opened the door to the testimony.

Finally, Plaintiffs challenge Defendant's closing argument as it related to Mr. Glandt's testimony and estimate. Before closing, Plaintiffs' counsel acknowledged that Mr. Glandt's testimony was admitted because Mr. Goebel "opened the door . . . ." ECF No. 160, Trial. Tr. Vol. V at 117. But Plaintiffs asked me to limit Defendant's discussion of Mr. Glandt's evidence in closing to "what it was offered for, which was to rebut[] or call into question Mr. Goebel's testimony that he did not receive an estimate that would have fallen within [Defendant's] estimate."[1] ECF No. 160, Trial. Tr. Vol. V at 116-17.

I rejected that argument, holding that because Mr. Glandt's testimony was properly admitted, I would not put special limits on how the lawyers discussed this

---

[1] During this discussion about the scope of closing argument, Plaintiffs' counsel did state that Mr. Glandt was not on the trial list, but that was not the basis for his argument about limiting the closing, and the statement was made after the evidence had been heard by the jury.

5

particular evidence in their closing arguments.  The specific statements now challenged by Plaintiffs in their motion for a new trial did not cross the line and were not improper.  *See Harrison v. Purdy Bros. Trucking Co.*, 312 F.3d 346, 351 (8th Cir. 2002) (holding that a new trial "based on improper closing arguments . . . should be granted only if the statements are plainly unwarranted and clearly injurious and cause prejudice to the opposing party and unfairly influence a jury's verdict.").  Further, Plaintiffs' counsel responded to those statements in their own closing, including specifically challenging Mr. Glandt's estimate and Defendant's discussion of that estimate, and used similarly colorful language.  ECF No. 160, Trial. Tr. Vol. V at 157-60.  The Defendant's closing argument was not improper under all the circumstances of the case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for a new trial (ECF No. 162) is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of February, 2026.

6